

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2009

# Latham v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4135

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Latham v. USA" (2009). *2009 Decisions.* Paper 2029.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2029

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4135
_____

LARRY LATHAM,
                    Appellant

v.

UNITED STATES OF AMERICA;
WARDEN JAMES F. SHERMAN; HEALTH SYSTEM
ADMINISTRATION RODNEY SMITH;
THE UTILIZATION COMMITTEE; PHYSICIAN ASSISTANT CHARLES
MONTGOMERY; DR. DENNIS OLSON, Medical Officer;
COUNSELOR NED WATSON; JOHN LAMANA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 06-cv-00128E)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
**DECEMBER 2, 2008**

**Before:  MCKEE, HARDIMAN AND ROTH, <u>Circuit</u> <u>Judges</u>**

(Opinion filed: January 15, 2009)
_____

OPINION
_____

PER CURIAM

Pro se Appellant Larry Latham appeals from the District Court's entry of judgment against him. For the reasons that follow, we will affirm.

Latham, a federal prisoner, filed a civil rights action in the United States District Court for the Western District of Pennsylvania, alleging, among other things, that Appellees denied him medical care in violation of the Eighth Amendment and that he was entitled to relief under the Federal Tort Claims Act ("FTCA"). Essentially, he claimed that he received inadequate medical care for injuries to his left foot and for urinary problems which arose following surgery on his foot in 2004. The facts have been set out in detail in the District Court's opinion and, as we write only for the parties, we need not repeat them here. Appellees filed a motion to dismiss, or in the alternative, for summary judgment, attaching Latham's voluminous prison medical records along with the Declaration of Dennis Olson, M.D., the Clinical Director of FCI-McKean. Appellees argued that the Olson Declaration, coupled with Appellant's medical records, demonstrated that Appellant received "continuous and appropriate medical care" and, therefore, that he could not satisfy the "deliberate indifference" requirement of an Eighth Amendment claim. In ruling on Appellees' motion, the District Court, adopting the Report & Recommendation of the Magistrate Judge, set out the standards applicable to a motion to dismiss and a motion for summary judgment and, without stating which standards it was applying, held that "Plaintiff's medical records indicate that Plaintiff received continual treatment and monitoring of both his left heel and his urinary

2

conditions." Based on Appellees' submissions, the District Court concluded that "Plaintiff's Eighth Amendment deliberate indifference claims against the individual Defendants should be dismissed, as a matter of law." Accordingly, the District Court granted Appellees' motion to dismiss, or in the alternative, for summary judgment. Appellant timely filed a notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. By a previous order, we asked the parties to address the following questions: (1) Did the District Court dismiss Appellant's complaint pursuant to Fed. R. Civ. P. 12(b)(6) or enter summary judgment pursuant to Fed. R. Civ. P. 56(c)?; (2) If the District Court dismissed Appellant's complaint, was such dismissal appropriate under Phillips v. Allegheny Cty., 515 F.3d 224 (3d Cir. 2008)?; and (3) If the District Court entered summary judgment, did Appellant have adequate notice of the District Court's intent to convert Appellees' motion to dismiss, or alternatively, for summary judgment, into a motion for summary judgment, as outlined in Rose v. Bartle, 871 F.2d 331 (3d Cir. 1989)?

Appellees argue that the District Court dismissed Appellant's FTCA claim for lack of jurisdiction, and entered summary judgment on his Eighth Amendment claim. Appellant does not raise the dismissal of his FTCA claim in his appeal brief and, accordingly, we deem it waived. See Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 535 n.11 (3d Cir. 2007). With respect to Appellant's Eighth Amendment claim, we agree with Appellees that the District Court clearly considered matters outside the

3

pleadings in reaching its decision and, accordingly, converted the motion to dismiss into one for summary judgment.  See Fed. R. Civ. P. 12(b)(6); Rose v. Bartle, 871 F.3d 331, 340 (3d Cir. 1989).

When a motion to dismiss is converted into a motion for summary judgment the parties must be given notice of the conversion and an opportunity to present material to the court.  See id.; see also In re Rockefeller Ctr. Props., Inc. Secs. Litig., 184 F.3d 280, 288-89 (3d Cir. 1999).  Rule 56(c) requires that the parties have at least ten days' notice before the court may consider the motion for summary judgment, and the opportunity to submit pleadings, depositions, answers to interrogatories, admissions on file, and affidavits.  We have held that while "it would be desirable in the interest of clarity for an order to notify expressly the parties that the court was converting a motion to dismiss into one of 'summary judgment' or that the ruling would be pursuant to 'Rule 56,' the court need not be so explicit so long as the order otherwise fairly apprises the parties of the proposed conversion."  Id. at 342.

While in this case, the District Court never entered an order putting the parties on notice that it might consider summary judgment, Appellees argue that their filing of a motion to dismiss styled in the alternative as a motion for summary judgment was sufficient to put Appellant on notice that summary judgment might be entered.  In Hilfirty v. Shipman, 91 F.3d 573 (3d Cir. 1996), we concluded that the filing of two motions to dismiss styled in the alternative as motions for summary judgment were sufficient to

4

place the parties on notice that summary judgment might be entered. See id. at 578-79. We recognize that this case differs from Hilfirty in that Appellant is proceeding pro se, and unlike in Hilfirty, where we noted that there was ample time for the plaintiff to object to the entry of summary judgment, in this case, the time between Appellees' filing of its motion and the District Court's granting it was brief. However, Appellant filed numerous responsive documents in the District Court in which he set out his version of the facts as he would if submitting an affidavit. In his opposition to Appellees' motion for summary judgment, Appellant explicitly addressed the standard which applies to summary judgment motions, and argued that summary judgment was not appropriate in this case and that he should be permitted to proceed to trial. While Appellant does address the lack of explicit notice from the District Court in his appeal brief, at no point does he indicate what affidavits or testimony he would have submitted in opposition to summary judgment had he been given an opportunity to do so, nor does he pinpoint any "material" factual dispute between his version of events and Appellees'. In light of the specific circumstances of this case, we conclude that any failure by the District Court to explicitly notify Appellant of its intent to treat Appellees' motion to dismiss as a motion for summary judgment was harmless. See Rose, 871 F.2d at 342.

Having so concluded, we will now affirm the District Court's entry of summary judgment in favor of Appellees. In order to state a claim for an Eighth Amendment violation for inadequate medical care, a plaintiff must demonstrate that he had: (i) an

5

objectively serious medical need (ii) to which a prison official acted with deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). As observed by the District Court, deliberate indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, and/or denial of reasonable requests for treatment that results in suffering or risk of injury. See Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). We do not doubt the seriousness of Appellant's medical conditions or the amount of pain he was in. However, we agree with the District Court that Appellant's medical records belie any claim that Appellees were deliberately indifferent to his medical conditions. Nothing in any of Appellant's filings, either in the District Court or in this Court, would lead us to a contrary conclusion. While Appellant may believe that a different course of action should have been taken in response to his complaint, he does not raise any genuine issue of material fact as to whether Appellees were deliberately indifferent to his medical problems.

Based on the foregoing, we will affirm the District Court's entry of judgment in favor of Appellees.